IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81188 |
| | ) | |
| EDWARD ALFRED KILGORE and | ) | CH. 13 |
| LORI CHRISTINE KILGORE, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on November 5, 2007, on Debtors' Chapter 13 Plan (Fil. #9), and an Objection thereto filed by the Chapter 13 Trustee (Fil. #15). Ronald A. Hunter appeared for Debtors, and Thomas Kenny appeared on behalf of the Chapter 13 Trustee

In this case, Debtors are proposing a plan that returns to unsecured creditors an amount that is less than Debtors' disposable income as determined by Official Form 22C. Debtors assert that they should be entitled to additional expense deductions as additional necessary expenses or as special circumstances. The Chapter 13 Trustee has objected. As discussed below, I find that the Chapter 13 Trustee's objection should be sustained.

11 U.S.C. § 1325(b)(1)(B) provides that if the trustee objects to confirmation of a proposed plan, the Court cannot approve the plan unless "the plan provides that all of the debtor's projected disposable income . . . will be applied to make payments to unsecured creditors under the plan." A debtor's disposable income is to be determined by calculating the debtor's current monthly income and then subtracting amounts reasonably necessary to be expended for the maintenance and support of the debtor or a dependent of the debtor. 11 U.S.C. § 1325(b)(2). *See also Coop v. Frederickson (In re Frederickson)*, ___ B.R. ___, 2007 WL 2752769 (B.A.P. 8th Cir.2007).

It is undisputed that Debtors' income is above the median family income in Nebraska for a family of the same number of individuals. Therefore, under 11 U.S.C. § 1325(b)(3), for purposes of determining Debtors' disposable income, the amounts "reasonably necessary to be expended" are determined in accordance with § 707(b)(2)(A) and (B). Official Form 22C has been established to make the calculations of disposable income. According to that form, Debtors have monthly disposable income which must be applied to make payments to unsecured creditors under the plan in the amount of $266.41. At the end of the form, in Part VI at line 59, Debtors listed additional expenses totaling $245.00 that they desire to deduct as "other expenses." Those expenses are for chef uniform dry-cleaning in the amount of $100.00, work parking in the amount of $20.00, and food, clothing, and school supplies for a minor child of Mr. Kilgore in the amount of $125.00. That particular section of Form 22C states:

> **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). . . .

Thus, it appears that Debtors are asserting that the additional expenses of $245.00 above and beyond the applicable expense amounts under the National Standards and Local Standards are reasonable and necessary for the health and welfare of Debtors. At the hearing, Debtors' attorney further argued that these additional expenses constitute a "special circumstance" pursuant to 11 U.S.C. § 707(b)(2)(B). Under that section, Debtors are allowed to demonstrate "special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that [sic] justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative."

Regardless of whether such expenses are classified as an additional necessary expense or as a special circumstance, Debtors' argument must fail based on the facts of this case. Specifically, when making the calculations on Form 22C, Debtors are already receiving a deduction for the IRS National Standard for food, clothing, household supplies, personal care, and miscellaneous for a two-person household at Debtors' income level in the amount of $1,306.00 per month. Debtors' actual expenses shown on Schedule J for their food, clothing, laundry/dry-cleaning, miscellaneous expenses, and all of the expenses for which Debtors now claim an additional deduction, add up to $1,222.00 per month. Thus, Debtors' actual expenses for all such items are less than the deduction that Debtors are already receiving. Therefore, Debtors do not have "additional" necessary expenses nor have they demonstrated "special circumstances" to justify an additional deduction beyond the applicable National Standard.

Notwithstanding the foregoing, I note that Debtors did not attempt to claim any expenses under line 43 (education expenses for dependent children less than 18 years of age) or line 44 (additional food and clothing expense which exceeds the combined allowances in the National Standards) of Form 22C. The foregoing conclusion should not be interpreted to preclude an applicable expense deduction under lines 43 or 44 of Form 22C.

IT IS ORDERED that the Chapter 13 Trustee's Objection to Confirmation of Debtors' Plan (Fil. #15) is sustained. Debtors shall file an amended plan within 21 days.

DATED: November 7, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    *Ronald A. Hunter
    Thomas Kenny/Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.